## The Honora Carr.

*(District Court, N. D. New York. July 2, 1887.)*

1. LIBEL FOR WAGES—EVIDENCE.
    Both Connolly and Carr claimed wages as mate of the H. C. during the same season. *Held*, on the evidence, that the libel of Connolly must be dismissed, and the claim of Carr allowed.
2. ADMIRALTY—SUBMITTING CAUSE WITHOUT ARGUMENT.
    The practice of submitting a cause in admiralty without argument or brief, and leaving the court to ascertain and determine the issues upon the pleadings and proofs, is not to be encouraged.

On the first of June, 1886, Edward Carr filed a libel against the schooner Honora Carr, to recover $281.67, the alleged balance due to

him for services as seaman and first mate from May 1, 1885, to and including November 10, 1885, at the rate of $50 per month. On the twenty-fourth of June, 1886, Edward B. Connolly filed a libel against the schooner to recover $135, the alleged balance due him for services as seaman and mate from June 10 to October 6, 1885, at the rate of $45 per month. The parties have stipulated that each of these libels may be regarded as an answer to the other. The proceeds of the sale of the vessel now in the registry of the court are not sufficient to pay all of the claims filed.

*Josiah Cook*, for Carr.

*Williams & Potter*, for Connolly.

Coxe, J. As this cause is submitted without argument or brief, the court is left to ascertain the issues, and determine them upon the pleadings and proofs, as best it may, without the assistance of counsel. Such practice is not to be encouraged, and, could it be done without subjecting the parties to a long delay, I should, even now, require counsel at least to submit their views in writing.

The only dispute seems to be between Connolly and Carr as to which was the mate of the schooner during the season of 1885, and, as incidental thereto, the amount of wages which the master agreed to pay, and did pay, to each. Connolly enters this contest heavily handicapped. He signed no shipping articles; he kept no books or memoranda; he is not corroborated by a single witness or a solitary extraneous circumstance. He stands upon his own unsupported assertion. His statement, even though uncontradicted, is entitled to but little weight. His memory is utterly unreliable upon all material points. It was with difficulty that he recalled the name of the vessel in question. He does not recollect the time he began or ended his employment, or when he was paid, or the amounts, except in one or two instances. He says he charged $40 per month. He does not say that the master agreed to pay him that sum. Add to this the admission that his health and habits of intemperance were such that he was frequently incapacitated from performing services as seaman, and it is quite apparent that it would be well-nigh impossible to base an accurate finding upon his testimony, even if it stood alone. But Connolly is contradicted by four witnesses, three of whom are, perhaps, interested, but all of them are apparently respectable. Michael Carr, who was the master of the schooner, testifies that his son Edward Carr acted as first mate during the season of 1885; that Connolly was not employed as mate, but as seaman, at $20 per month, which was the going rate of wages at that time; that he was intoxicated whenever the vessel was in port; that he abandoned her at Detroit, and that he was paid $82, which was $10 more than he was entitled to under the contract. This testimony is fully corroborated in many important particulars by Edward Carr, Henry B. Carr, and Allen Palmer. It is clear that the libel filed by Connolly must be dismissed.

It follows from the foregoing considerations that Edward Carr is entitled to a decree for the amount claimed by him. No one but Connolly

disputes his right to recover.   There is no disagreement as to the terms
of the contract by which he was employed to act as mate, or as to the
amount already received by him.   His testimony in this regard is sus-
tained by the master and all of the other witnesses in the case, Connolly
excepted.

There should be a decree in accordance with these views.